UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL MAGALLANES SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 25 C 13226 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| SAMUEL OLSON, Acting Field Office Director, Chicago Field Office, Immigration and Customs Enforcement; PAMELA BONDI, Attorney General of the United States, | ) ) ) ) ) ) | |
| Respondents. | ) | |

## ORDER

The Court grants Petitioner's petition for writ of habeas corpus [1]. The Court orders Petitioner's immediate release. Should Respondents provide Petitioner with a bond hearing, Respondents will have the burden to show by clear and convincing evidence that Petitioner poses a danger to the community or poses a risk of flight such that detention is necessary. The Court enjoins Respondents from denying him bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him. See Statement.

## STATEMENT

Petitioner Manuel Magallanes Sanchez, a Mexican citizen, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 29, 2025 following his arrest and detention by immigration officials that same day. Respondents have taken the position that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pursuant to a recently adopted Department of Homeland Security ("DHS") policy, issued on July 8, 2025, which instructs immigration officials to consider anyone inadmissible under § 1182(a)(6)(A)(i) as "applicants for admission." Sanchez claims that he instead is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and that application of § 1225(b)(2)(A) to him constitutes unlawful detention, violates the Immigration and Nationality Act ("INA"), and that Respondents have deprived him of due process by failing to provide him with a bond redetermination hearing. Sanchez asks the Court to issue a writ declaring Respondents' removal of him under 8 U.S.C. § 1225(b)(2)(A) unlawful and ordering Respondents to release him.

Sanchez entered the United States in or around 1994 without a visa and without inspection. He did not encounter any immigration officials at or near the time of his entry. He has lived in the Chicagoland area ever since and is a graduate of Gage Park High School. Sanchez married Michelle Magallanes, a U.S. citizen, over 21 years ago, and together they have

two children. He is the beneficiary of an approved I-130 visa petition, filed by his wife. Additionally, he has an application for provisional waiver (USCIS Form I-601A) pending, which, if approved, will provide Sanchez a path to apply for an immigrant visa at the U.S. Consulate in Ciudad Juarez, Mexico, with minimal separation from his family.

Sanchez and his wife run their own business installing countertops. On October 29, 2025, Sanchez was travelling with a contractor to Plymouth, Indiana. During the drive, they were pulled over by the police for allegedly not having a company logo on the truck. During this stop, an immigration official showed up and detained Sanchez. Sanchez was transported to the Broadview Processing Center.

Sanchez filed the petition for writ of habeas corpus on October 29, 2025, when he was still located at the Broadview Processing Center. The next day, on October 30, 2025, the Court ordered that Respondents not remove Sanchez from the jurisdiction of the United States and not transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651. Doc. 5. He is currently being detained at the Clay County Detention Center in Indiana.

The Court held an in-person hearing with the parties on November 3, 2025, at which the Court orally ordered Sanchez's immediate release. The Court briefly sets forth its reasoning here.

First, the Court finds that it has jurisdiction over Sanchez's habeas claim because he challenges the lawfulness of his current detention, not the underlying merits of his immigration status or their arrest. None of the jurisdiction-stripping provisions of § 1252 apply to this case where Sanchez only challenges his allegedly unlawful detention without a bond hearing and not other immigration decisions. *See Loza Valencia v. Noem*, No. 25 C 12829, 2025 WL 3042520, at *1–2 (N.D. Ill. Oct. 31, 2025) (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court's ability to consider habeas petitions for detention hearings); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610, at *2–3 (N.D. Ill. Oct. 20, 2025) (same); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *2–4 (N.D. Ill. Oct. 16, 2025) (same). The Supreme Court has not precluded the Court's review of this decision. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (Section 1252(b)(9) "does not present a jurisdictional bar" where petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (Section 1252(a)(2)(B)(ii) did not apply to a challenge to the "extent of the Attorney General's authority under the post-removal-period detention statute," which "is not a matter of discretion"); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (internal quotation marks omitted)).

Next, while Respondents may argue that Sanchez has not exhausted available administrative remedies, no statutory requirement for exhaustion exists. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *H.G.V.U.*, 2025 WL 2962610, at *3–4. Instead, "sound

judicial discretion governs" whether exhaustion should be required. *Gonzalez*, 355 F.3d at 1016. The Court may excuse exhaustion where, among other things, "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue." *Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002). Here, requiring Sanchez to first seek a bond hearing before an immigration judge and then appeal the decision of the immigration judge before the BIA would be futile given that Respondents maintain that Sanchez is subject to mandatory detention pursuant to § 1225(b)(2) and the BIA has taken the position in *Matter of Yajure Hurtado* that, under § 1225(b)(2), immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." 29 I&N Dec. 216, 225 (BIA 2025).

This brings the Court to Sanchez's argument that his detention is governed by § 1226, which provides for discretionary detention of non-citizens "already present in the United States" pending the outcome of their removal proceedings, *Jennings*, 583 U.S. at 303, as opposed to § 1225, which requires mandatory detention for those "seeking admission" into the United States, 8 U.S.C. § 1225(b)(2)(A). Those non-citizens already present in the United States may obtain a bond hearing before an immigration judge, at which the non-citizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019). Respondents have recently adopted the position that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, even those who have been present in the United States for some time, a position adopted by the BIA in *Matter of Yajure Hurtado*. But, as the overwhelming majority of courts to consider this issue across the country have concluded, this interpretation "(1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Alejandro v. Olson*, No. 1:25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases); *see also Loza Valencia*, 2025 WL 3042520, at *2–3; *H.G.V.U.*, 2025 WL 2962610, at *4–6; *Ochoa Ochoa*, 2025 WL 2938779, at *5–7 & n.8. The Court joins this majority and adopts their reasoning, concluding that § 1225(b)(2)(A) does not apply to non-citizens who are already present in the country, such as Sanchez. Given this, the Court finds that Sanchez is not lawfully detained pursuant to § 1225(b). Instead, § 1226(a) applies to his detention, under which he is entitled to a bond hearing before an immigration judge.

The Court also finds that Sanchez's detention violates due process. The Due Process Clause applies to non-citizens, regardless of whether "their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Because § 1226(a) applies to Sanchez's detention, he is entitled to the process outlined in that statute, in other words, an individualized bond hearing before an immigration judge. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025). As other courts have found, Sanchez's continuing detention without such a bond hearing amounts to a due process violation. *Loza Valencia*, 2025 WL 3042520, at *3; *H.G.V.U.*, 2025 WL 2962610, at *6 (applying balancing factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), to similar situation to find a violation of due process); *Ochoa Ochoa*, 2025 WL 2938779, at *7 (collecting cases); *Salazar*, 2025 WL 2676729, at *5.

3

Therefore, the Court finds it appropriate to grant Sanchez's habeas petition. The Court orders Respondents to immediately release Sanchez from custody. Should Respondents provide Petitioner with a bond hearing, Respondents will have to show by clear and convincing evidence that Sanchez poses a danger to the community or poses a risk of flight such that detention is necessary. *See Salazar*, 2025 WL 2676729, at *8–9 (analyzing when to shift the burden of proof to the government to justify detention and finding it appropriate to do so to remedy the deprivation of petitioner's due process rights in a similar situation); *see also Ochoa v. Ochoa*, 2025 WL 2938779, at *8 (collecting cases). The Court also enjoins Respondents from denying Sanchez bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him.

Date: November 3, 2025                                              /s/ Sara L. Ellis_____